**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE BALDEMAR ESCUDERO, on behalf of himself and other similarly situated individuals, | ) ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) ) ) | Judge |
| v. | ) ) | Magistrate Judge |
| ACRES GROUP, and JAMES SCHWANTZ Individually, | ) ) ) | |
| | ) | JURY DEMAND |
| Defendants. | ) ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Jose Baldemar Escudero, on behalf of himself and other similarly situated individuals, known and unknown, by their attorneys, against Acres Group, and James Schwantz, individually ("Defendants") states as follows:

## I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in a workweek in violation of the FLSA and IMWL, and failure to pay the agreed rate of pay as final compensation under the IWPCA.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

2. Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiffs' claims occurred in this judicial district.

### III. PARTIES

**Plaintiff**

3. Plaintiff Jose Baldemar Escudero has consented to sue pursuant to the collective action procedures of the FLSA. *See* Ex. A, attached.

4. At all relevant times, Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq.*, and IMWL, 820 ILCS 105/1 *et seq*.

**Defendants**

5. Within the relevant time period, Defendant Acres Group:

   a. has been a corporation organized under the laws of the State of Illinois;

   b. has its office and place of business at 545 Christopher Pines, Barrington, IL 60010;

   c. has conducted business in Illinois and within this judicial district;

   d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

   e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c).

6. Within the relevant time period, Defendant James Schwantz:

    a. has been a principal of a corporation organized under the laws of the State of Illinois;

    b. has worked at its principal place of business at 545 Christopher Pines, Barrington, IL 60010 within this judicial district;

    c. has conducted business in Illinois and within this judicial district;

    d. has been the owner or president of Acres Group;

    e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

    f. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d) and IMWL, 820 ILCS 105/3(c).

### IV. FACTUAL BACKGROUND

7. Defendant Acres Group, is a corporation specializing in landscape maintenance, landscape installation, custom design build projects, and snow removal.

8. Defendant James Schwantz, is the owner and president of Acres Group.

9. Plaintiff, Jose Baldemar Escudero, worked as a foreman and landscaper for Acres Group doing landscaping work, trimming, cutting, and overseeing a crew of three people.

10. Plaintiff worked for Defendants from 1992 to June 22, 2018.

11. Plaintiff was paid $14.00 per hour in the years 2015 and 2016.

12. Plaintiff was paid $14.75 per hour in 2017.

13. Plaintiff was paid $15.25 per hour in 2018.

14. For at least the past three years, Plaintiff was directed to work and did work over forty (40) hours in individual workweeks.

15. Defendants did not compensate Plaintiff and similarly situated employees for all the time Plaintiffs and other employees actually spent doing preparatory and post work.

16. Plaintiff would arrive each morning at or about 6:00am and begin preparing for the workday.

17. Plaintiff was instructed by Defendants not to clock in until 6:30am.

18. Plaintiff was instructed by Defendants to clock out at 3:00pm.

19. Despite the time Plaintiff and similarly situated employees arrived and began working, they were typically paid starting at 6:30am regardless of any preparatory work that they did prior to 6:30am.

20. Despite the work that Plaintiff and similarly situated employees performed after 3:00pm, they were often only paid until 3pm.

21. Defendants did not compensate Plaintiff and similarly situated employees for all the time Plaintiffs and other employees actually spent doing preparatory and post work.

22. Since Plaintiff was directed to work over forty (40) hours in individual workweeks and was not paid for preparatory work and post work, most or all of the uncompensated work done by Plaintiff and others similarly situated should have been paid at the time-and-a-half overtime rate required by law and by the parties' agreement.

## V. CLASS ACTION ALLEGATIONS

23. Plaintiff intends to seek certification of this case both as a collective action as to the federal claims and as a class action pursuant to Fed. R. Civ. P. (Rule) 23 for their state law

claims for Illinois-mandated overtime wages (Counts II and III) arising under the IMWL and IWPCA.

24. The IMWL class pertaining to Count II that Plaintiff seeks to represent is defined as: All individuals employed by Acres Group and James Schwantz and classified as non-exempted from overtime provisions of the FLSA and IMWL and who worked in excess of forty (40) hours in any individual workweeks for the period of December 2015 through the date of judgment.

25. The IWPCA class pertaining to Count III that Plaintiff seeks to represent is defined as: All individuals employed by Acres Group and James Schwantz and classified as non-exempted from overtime provisions of the FLSA and IMWL and who performed unpaid preparatory work and post work at the employer's facility for the period of December 2008 through the date of judgment.

26. Counts II and III are brought pursuant to Rule 23 (a) and (b) because:

   a. The class is so numerous that joinder of all members is impracticable:

   b. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant has employed hundreds of individuals in Illinois during the IMWL and IWPCA Class Periods;

   c. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

      i. Whether Defendants misclassified Plaintiff and the Class as exempt from the overtime provisions of the IMWL and IWPCA.

      ii.      Whether Defendants failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual workweeks during the IMWL and IWPCA Class Period.

  d.  Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's Counsel is competent and experienced in litigating employment class actions;

  e.  The class representative and the members of the class have been equally affected by Defendants' failure to pay Illinois overtime wages;

  f.  The class representative, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendant, and the Court.

27.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## Violation of the Fair Labor Standards Act- Overtime Wages
## Section 216(b) Collective Action

28.    Plaintiff incorporates and re-alleges paragraphs 1 through 27 of this Complaint, as though set forth herein.

29.    The matters set forth in this Count arise from Defendants' violation of the overtime provisions of the FLSA.

30. In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual workweeks during his employment with Defendants.

31. In the three years prior to the filing of this complaint, Defendants likewise suffered or permitted other similarly situated employees to perform work for Defendants in excess of forty (40) hours in individual workweeks.

32. Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

33. Plaintiff and other similarly situated employees were entitled to be compensated at the rate of one-and-a-half times their regular rate for all time worked in excess of forty (40) hours in individual workweeks.

34. Defendants violated the FLSA by failing to compensate Plaintiff and other similarly situated employees' overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

35. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiff filing his complaint because Defendants' violation was willful.

WHEREFORE, Plaintiff and similarly situated employees pray for a judgment against Defendants as follows:

> A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA and direct that notice be sent out in English and Spanish at the earliest possible date;
>
> B. A judgment in the amount of unpaid overtime wages for all the time Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual workweeks for Defendants;

  C. Liquidated damages in the amount equal to the unpaid wages;

  D. That the Court declare Defendants violated the FLSA;

  E. That the Court enjoin Defendants from continuing to violate the FLSA;

  F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

  G. Such other further relief this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law- Overtime Wages
*Class Action*

36. Plaintiff incorporates and re-alleges paragraphs 1 through 35 of this Complaint, as though set forth herein.

37. The matters set forth in this Count arise from Defendants' violation of the overtime wage provision of the IMWL.

38. In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual workweeks during their employment with Defendants.

39. In the three years prior to the filing of this complaint, Defendants suffered or permitted other similarly situated employees to work, and other similarly situated employees did in fact work, in excess of forty (40) hours in individual workweeks during their employment with Defendants.

40. Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the IMWL.

41. Plaintiff and other similarly situated employees were entitled to be compensated at the rate of one-and-a-half times their regular rate for all time worked in excess of forty (40) hours in individual workweeks.

42. Defendants violated the IMWL by failing to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks.

WHEREFORE, Plaintiff and similarly situated employees pray for a judgment against Defendants as follows:

    A. That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

    B. A judgment in the amount of unpaid overtime wages for all the time Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual workweeks for Defendants;

    C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    D. That the Court declare the Defendants violated the IMWL;

    E. That the Court enjoin the Defendants from continuing to violate the IMWL;

    F. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

    G. Such other further relief this Court deems appropriate and just.

## COUNT III
**Violation of the Illinois Wage Payment and Collection Act- Failure to pay the agreed rate**
*Class Action*

43. Plaintiff incorporates and re-allege paragraphs 1 through 42 of this Complaint, as though set forth herein.

44. The matters set forth in this Count arise from Defendants' violation of the IWPCA.

45. In the ten years prior to the filing of this complaint, Defendants suffered or permitted Plaintiff to work, and Plaintiff did in fact work, in excess of forty (40) hours in individual workweeks during his employment with Defendant.

9

46. In the ten years prior to the filing of this complaint, Defendants suffered or permitted other similarly situated employees to work, and other similarly situated employees did in fact work, in excess of forty (40) hours in individual workweeks during their employment with Defendants.

47. Plaintiff and other similarly situated employees were entitled by their agreement with Defendants to be compensated at the rate of one-and-a-half times their regular rate for all time worked in excess of forty (40) hours in individual workweeks.

48. Defendants violated the IWPCA by failing to compensate Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in individual workweeks.

WHEREFORE, Plaintiff and similarly situated employees pray for a judgment against Defendants as follows:

A. That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of unpaid wages for all the time Plaintiff and similarly situated employees worked in excess of forty (40) hours in individual workweeks for Defendants;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

D. That the Court declare the Defendants violated the IWPCA;

E. That the Court enjoin the Defendants from continuing to violate the IWPCA;

F. Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

G. Such other further relief this Court deems appropriate and just.

Dated January __, 2019

Respectfully Submitted,

*/s/ Michael P. Persoon*
Michael P. Persoon

Despres, Schwartz & Geoghegan Ltd.
77 W. Washington St., Suite 711
Chicago, IL 60602
mschorsch@dsgchicago.com
(312) 372-2511

*/s/ Alexandira Santistevan*
Alexandria Santistevan

FARMWORKER & LANDSCAPER
ADVOCACY PROJECT
33 N. LaSalle Street, Suite 900
Chicago, IL, 60602
litigation@flapillinois.org
(312) 784-3541

Attorneys for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.